IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

QUESTIONNAIRE FOR THE PRISONERS PROCEEDING
PRO SE UNDER 42 U.S.C. § 1983

MARIO R. SULLIVAN
GDC #965797
P.O. BOX 397
Abbeville, Ga. 31001
(GIVE FULL NAME AND PRISON NUMBER OF PLAINTIFF)

Plaintiff

VS.

TYRONE OLIVER
MICHAEL THOMAS
CHARLES MIMS
SHARON LEWIS
(NAME OF EACH DEFENDANT)

Defendant(s)
Jenniffer AMMONS et.AL.

CIVIL ACTION NO:

I. GENERAL INFORMATION

1. Your full name and prison number  MARIO ROMOAN SULLIVAN 965797

2. Name and location of prison where you are now confined  WILCOX SP. Abbeville, Ga.

3. Sentence you are now serving (how long?)  LIFE

   (a) What were you convicted of?  MURDER

   (b) Name and location of court which imposed sentence  FLOYD COUNTY
   Superior Court. ROME, GA. WALTON Superior Court, Monroe

   (c) When was sentence imposed?  2015

   (d) Did you appeal your sentence and/or conviction?    Yes ✓    No ☐

   (e) What was the result of your appeal?  PENDING

(f) Approximate date your sentence will be completed _2045_____

## II. PREVIOUS LAWSUITS

NOTE: FAILURE TO DISCLOSE ALL PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

4.  Other than an appeal of your conviction or sentence, and other than any habeas action, have you filed a lawsuit dealing with the same or similar facts or issues that are involved in this action?

Yes [✓]    No [ ]

5.  If your answer to question 4 is "Yes," list that lawsuit below, giving the following information:

(IF YOU HAVE FILED MORE THAN ONE LAWSUIT, LIST OTHER LAWSUITS ON A SEPARATE SHEET OF PAPER, GIVING THE SAME INFORMATION FOR EACH)

(a)  Parties to the previous lawsuit INVOLVING SAME FACTS:

Plaintiff(s): _MARIO ROMOAN SULLIVAN_____

Defendant(s): _TIMOTHY C. WARD et.al._____

(b)  Name of Court: _U.S. DISTRICT COURT. ALBANY DIVISION___

(c)  Docket Number: _1:24-CV-60012_ When did you file this lawsuit?_____

(d)  Name of judge assigned to case:_____

(e)  Is this case still pending?    Yes [✓]    No [ ]

(f)  If your answer to (e) is "No", when was it disposed of and what were the results?

(DID YOU WIN? WAS THE CASE DISMISSED? DID YOU APPEAL?)

_____

_____

6.  Other than an appeal of your conviction or sentence, and other than any habeas action, have you ever filed any lawsuit while incarcerated or detained?    Yes [✓]    No [ ]

7.  If your answer to question 6 is "Yes," list that lawsuit below, giving the following information:

(IF YOU HAVE FILED MORE THAN ONE LAWSUIT, LIST OTHER LAWSUITS ON A SEPARATE SHEET OF PAPER, GIVING THE SAME INFORMATION FOR EACH)

(a)    Parties to the previous lawsuit:

Plaintiff(s): _MARIO SULLIVAN_____

Defendant(s): _CCA, CORE CIVIC_____

(b)  Name of Court: _U.S. DISTRICT COURT_____

(c)  Docket Number:__?_____  When did you file this lawsuit?_____

(d)  Name of judge assigned to case: __?_____

(e)  Is this case still pending?    Yes [ ]    No [✓]

(f)    If your answer to (e) is "No", when was it disposed of and what were the results?
(DID YOU WIN? WAS THE CASE DISMISSED? DID YOU APPEAL?)

No, Dismissed due to failure to show deliberate
indifference

8. AS TO <u>ANY</u> LAWSUIT FILED IN <u>ANY</u> FEDERAL COURT in which you were permitted to proceed *in forma pauperis*, was any suit dismissed on the ground that it was frivolous, malicious, or failed to state a claim?      Yes ☐      No ☑

        If your answer is Yes, state the name of the court and docket number as to each case:

_____    _____

_____    _____

_____    _____

## III. PLACE OF INCIDENT COMPLAINED ABOUT

9. Where did the matters you complain about in this lawsuit take place? WILCOX STATE
PRISON, Abbeville, Ga. 31001

    (a) Does this institution have a grievance procedure?      Yes ☑   No ☐

    (b) If your answer to question 9(a) is "Yes", answer the following:

        (1) Did you present your complaint(s) herein to the institution as a grievance?
        Yes ☑      No ☐

        (2) If Yes, what was the result? DENIED _____

        _____

        _____

        _____

        (3) If No, explain why not: _____

        _____

        _____

        _____

(c) What, if anything else, did you do or attempt to do to bring your complaint(s) to the attention of prison officials? Give dates and places and the names of persons talked to.

Numerous sick calls, and requests for bottled water.

_____

_____

(d) Did you appeal any denial of your grievance to the highest level possible in the prison system?    Yes ☑    No ☐

    (1) If Yes, to whom did you appeal and what was the result?_____

GDC Central office, Counseling Office refuses to inform me of response to delay litigation.

    (2) If No, explain why you did not appeal:_____

_____

_____

10. In what other institutions have been confined? Give dates of entry and exit.

Autry State Prison 2017-2023

G.S.P. ~~[struck through]~~ 2017

Wheeler correctional facility 2015-2017

_____

## IV. PARTIES TO THIS LAWSUIT

11. List your CURRENT place of incarceration/mailing address.

MARIO ROMOAN SULLIVAN    see Attachment

WILCOX STATE PRISON

  P.O. Box 397

Abbeville, Ga. 31001

12. List the full name, the official position, and the place of employment of each defendant in this lawsuit. (ATTACH ADDITIONAL PAGES IF NECESSARY)

TYRONE OLIVER, COMMISSIONER OF DEPT. OF CORRECTIONS

MICHAEL THOMAS, WARDEN OF WILCOX STATE PRISON

CHARLES MIMS, FORMER WARDEN

STEVEN CRAWFORD

DR. ROBERT BRADFORD          (see ATTACHMENT #1)

## V. STATEMENT OF CLAIM

13. In the space hereafter provided, and on separate sheets of paper if necessary, set forth your claims and contentions against the defendant(s) you have named herein. Tell the court WHAT you contend happened to you, WHEN the incident(s) you complain about occurred, WHERE the incident(s) took place, HOW your constitutional rights were violated, and WHO violated them? Describe how each defendant was involved, including the names of other persons who were also involved. If you have more than one claim, number and set forth each claim SEPARATELY.

DO NOT GIVE ANY LEGAL ARGUMENT OR CIT ANY CASES OR STATUTES AT THIS TIME; if such is needed at a later time, the court will advise you of this and will afford you sufficient time to make such arguments. KEEP IN MIND THAT RULES 8 OF THE FEDERAL RULES OF CIVIL PROCEDURE REQUIRES THAT PLEADINGS BE SIMPLE, CONCISE, and DIRECT! If the court needs additional information from you, you will be notified.

WHERE did the incident you are complaining about occur? That is, at what institution or institutions?

WHEN do you allege this incident took place? 2023 - 2026

WHAT happened? A) DOJ CRIPA Findings: Notice of Forseeability. Following a CRIPA investigation, the U.S. Department of Justice issued formal findings concluding that GDC routinely violates the Eighth Amendment by exposing prisoners to substantial risk of serious harm through unsafe environmental conditions and inadequate medical care. The DOJ specifically found that Senior GDC officials were on notice of these dangers for years and failed to implement corrective measures. The conditions at Wilcox State Prison - including contaminated water, delayed medical treatment, and retaliatory practices - are consistent with a forseeable consequence of the systemic failures identified by the DOJ.
B) Official Admissions of Legionella Contamination: On December 5, 2023 and March 14, 2024, Defendant
(see Attachment #2)

14. List the name and address of every person you believe was a WITNESS to the incident(s) you complain about, BRIEFLY stating what you believe each person knows from having seen or heard what happened. (USE ADDITIONAL SHEETS, IF NECESSARY) (Attachment # 3)

1) Jarvis Ware - was also hospitalized and diagnose legionella

2) Barrington Morrison - also caught legionella

15. BRIEFLY state exactly what you want the court to do for you. That is, what kind of relief are you seeking in this lawsuit? Do not make any legal arguments and do not cite any cases or statutes! (USE ADDITIONAL SHEETS, IF NECESSARY)

A) Declaratory Relief that Defendants violated the Constitution;

B) Injunctive Relief ordering: Provision of safe drinking water; Independent testing and remediation; Prohibition of food-based punishment; Non-retaliation protections;

C) Compensatory and Punitive Damages against individual Defendants. D) Costs and any further relief deemed just.

16. You may attach additional pages if you wish to make any legal argument. However, legal arguments are NOT required in order for you to obtain relief under §1983. If the court desires legal argument from you, it will request it. If any defendant presents a legal argument, you will be afforded an opportunity to respond thereto.

17. KEEP IN MIND THAT ONCE YOUR LAWSUIT IS FILED, THE COURT WILL REQUIRE YOU TO DILIGENTLY PROSECUTE IT. That means that you will be required to go forward with your case without delay. Thus, if you fail to adequately prepare your case before you file it, you may find your lawsuit dismissed for failure to prosecute if you take no action once it is filed. YOU WILL RECEIVE NO FURTHER INSTRUCTIONS FROM THE COURT TELLING YOU WHAT TO DO OR HOW TO DO IT! IT IS YOUR RESPONSIBILITY AND YOURS ALONE TO PROSECUTE YOUR OWN CASE! If you fail to prosecute your case, it will be dismissed under Rule 41 of the Federal Rules of Civil Procedure.

Signed this 0 2 0 day of January , 20 26 .

Mavro Sullivan
                                                            PLAINTIFF

## PARTIES

1) Plaintiff: <u>MARIO R. SULLIVAN</u>, is an incarcerated person in the custody of the Georgia Dept. of Corrections (GDC), assigned GDC number <u>965797</u>, and currently housed at Wilcox State Prison.

2) DEFENDANT, <u>TYRONE OLIVER</u>: He is the commissioner of the Georgia Dept. of Corrections. He is sued in his official capacity. He has ultimate responsibility for the health, safety, and welfare of all inmates in the GDC system. The official notices posted at Wilcox State Prison regarding Legionella contamination and disease constitute matters that would, as a matter of standard procedure, be reported to and reviewed by the Commissioner, thereby placing him on notice of the ongoing constitutional violate conditions at the facility.

3) DEFENDANT, <u>MICHAEL THOMAS</u>; He is the current warden of Wilcox State Prison. He is sued in individual capacity for damages based on personal participation and for Retaliation Food deprivation against Plaintiffs dorm collectively after he and several others had engaged in protected activity by filing grievances and legal claims concerning unconstitutional conditions of contaminated water.

2 of 6

4) DEFENDANT, <u>CHARLES MIMS</u>:

He is the former Warden of Wilcox State Prison. He is sued in his individual capacity of posting notices acknowledging the danger yet failing to take responsible and reasonable measures to abate the risk.

5) DEFENDANT, <u>STEVEN CHARLES CRAWFORD</u>: He is a medical staff member at Wilcox State Prison. He is sued in his individual capacity for fabricating a sworn affidavit to deny Plaintiff care, in response to his grievance.

6) DEFENDANT, <u>DR. ROBERT BRADFORD</u>: He is a medical provider (N.P.) at Wilcox State Prison. He is sued in his individual capacity for his deliberate indifferance to Plaintiffs recurring infections and hernia pain.

3 of 6

7) DEFENDANT, DR. <u>SHARON LEWIS</u>: She is the State-wide Medical Director for the GDC. She is sued in her official capacity. She is responsible for the systemic delivery of Medical Care. The diagnosis and treatment of legionnaires disease within a state prison constitute a reportable health event that would be brought to her attention.

8) DEFENDANT, <u>JENNIFER AMMONS</u>: She is the General Counsel for the GDC. She is sued in her Official capacity. She is responsible for addressing systemic legal violations and liability within GDC. The official admission of a hazardous condition causing disease would be reported to legal counsel for review.

9) DEFENDANT, <u>ANNA TRUSZCZYNSKI</u>: She is the Director of the Georgia Environmental Protection

4 of 6

DIVISION. She is sued in her official capacity. She is responsible for enforcing environmental and water safety standards. The official confirmation of a chronic bacterial contamination in a public water system serving a state facility would be reported to her agency.

10) DEFENDANT, <u>DR. KATHLEEN E. TOOMEY</u>: She is the Commissioner of the Georgia Dept. of Public Health. She is sued in her official capacity. She is responsible for protecting public health and controlling the spread of communicable disease. The official declaration of Legionnaires disease cases in a state congregate facility constitutes a reportable public health event.

11) DEFENDANT, <u>DR. WILLIAM WILLOUGHBY</u>: He is a medical doctor at Crisp Regional Medical Center.

He is sued in his individual capacity for his role in misdiagnosing Plaintiffs hernia.


12) DEFENDANT, DR. Michael Thomas: He is a Medical Doctor at Crisp Regional Medical Center. He is sued in his individual capacity for his role in misdiagnosing Plaintiffs hernia.

Charles Mims, as Warden, posted official notices to the inmate population of Wilcox State Prison.[1] These notices admitted that the prisons water supply was contaminated with Legionella bacteria and that the individuals had been diagnosed with Legionnaires' disease.

1) These official admissions of a public health crisis within a state prison constitute information that would, through standard reporting protocols, be communicated to senior GDC officials (Oliver, Lewis, Ammons), state environmental regulators (Truszczynski), and state public health authorities (DR. Toomey), thereby placing them on notice of the ongoing, unconstitutional conditions.

2) When such contamination occurs, the safest response is complete or partial evacuation. If evacuation is not possible, a correctional facility should shut down water systems, provide portable

(Attachment #2)    page 1 of 11

toilets and showers, supply bottled water, and prepare meals offsite.

3) Defendants failed to take these appropriate measures, choosing instead to house inmates in known dangerous conditions.

C) <u>Plaintiffs Four Documented Legionella infections</u>

1) Plaintiff has suffered <u>four</u> seperate, confirmed Legionella infections directly resulting from the contaminated water:

A) <u>December 17, 2023</u>: Plaintiff was tested and results were positive for Legionella bacteria. On <u>December 18, 2023</u>, plaintiff was prescribed "<u>Bactrim</u>" by Defendant Dr. Robert Bradford.

B) <u>January 4, 2024</u>: While at Walton County Sheriff's Office, Being processed in intake for court, Plaintiff became severely ill and tested positive for Legionella a second time and was treated with "<u>Mac</u>

<u>crobid</u>' antibiotic.

C) <u>MARCH 14, 2024</u>: Plaintiff tested positive and was prescribed `<u>ZITHROMAX</u>' antibiotics. On the same day WARDEN MIMS posted his second notice.[a]

D) <u>JULY 23, 2024</u>: Plaintiff was again prescribed `<u>ZITHROMAX</u>' for a Legionella infection.

D) <u>The Casual Chain</u>: Contaminated water causes hernias.

1) The consumption of contaminated water caused severe urinary/prostatic complications, forcing Plaintiff to strain violently during urination. This chronic straining directly caused his bilateral inguinal hernias.

Medical science recognizes that recurrent bacterial infections and chronic inflammatory exposure can cause or exacerbate lower urinary tract dysfunction, including prostatitis, prostate enlargement, urinary retention, and obstructive

3 of 11

voiding symptoms.

Plaintiff required treatment with 'Tamsulosin' (Flomax) to relieve urinary obstruction. Defendants were aware of Plaintiffs urinary difficulties yet failed to address the environmental source of inflammation, allowing the condition to worsen over time.

Plaintiffs hernias Were a Direct and Foreseeable Consequence of Untreated Urinary Obstruction Chronic straining to urinate due to obstructive urinary conditions is a well-established medical cause of inguinal hernia formation.

Plaintiffs urinary obstruction forced repeated Valsalva maneuvers, increasing intra-abdominal pressure and progressively weakening the inguinal canal.

E) <u>Deliberate Indifference, Fraud, and Surgical Delay</u>:

1) On <u>February 25, 2025</u>, Plaintiffs hernia pain was so severe he could not walk and was transported via EMS to Crisp Regional Hospital.

2) <u>Defendants Willoughby</u> and <u>DR. M. Thomas</u> failed to diagnose the hernias, falsely concluding "<u>no hernia</u>".

3) Upon return to Wilcox State Prison, Defendants Bradford and Crawford provided no care giving Plaintiff a 'cold shoulder'.

4) Plaintiff remained in severe pain, forced to walk to meals and to pill call, further exacerbating his hernias.

5) On <u>March 4, 2025</u>, in response to grievance filed by plaintiff, <u>Defendant Crawford</u> inserted a fraudulent sworn affidavit into Plaintiffs file[a], claiming Plaintiff was 'straining to make the test show false results,' deliberately obstructing his access to care.

6) As a last resort, Plaintiff wrote, to <u>DR. Brooks</u>, who

quickly diagnosed the bilateral inguinal hernias and scheduled surgery which was successful within three weeks.

F) <u>Psychological Harm and Ongoing Violations</u>
1) Plaintiff suffers from pre existing anxiety and depression. The forced consumption of contaminated water, the repeated serious illnesses, the denial of medical care, and the apparent cover up have severely heightened his psychological distress.

2) The retaliation and dangerous conditions persist under current Warden Michael Thomas, who has actively participated in these ongoing constitutional violations.

## CLAIMS FOR RELIEF

6 of 11

(COUNT #1) Eighth Amendment - Deliberate Indifferance to Health and Safety (#1983)

Against Official Capacity Defendants and MIMS (INDIVIDUAL)

Defendants were aware of a substantial risk of serious harm from contaminated water.

Their failure to act constitutes deliberate indifferance under Farmer v. Brennan.

The ongoing violations result from policies, customs, and failures to supervise, actionable for injunctive relief.

(COUNT #2)
Eighth Amendment - Deliberate Indifferance to

Serious medical Needs (§1983)

Against Crawford, Bradford, Willoughby, and DR. Michael Thomas

The plaintiff had objectively serious medical needs.

Defendants Knowingly delayed, denied, or obstructed care, including by falsifying records.

The right to medical care was clearly established.

(COUNT # 3)

First Amendment - Retaliation (§1983)

Against Defendant Michael Thomas (Individual)

Plaintiff engaged in protected conduct.

Defendant Thomas (WARDEN) imposed adverse action by withholding food-based benefits.

By authorizing unjustified food deprivation, Defendant Thomas retaliated for Plaintiffs grievances and Global Resolution of claims filed along with several others.

The conduct lacked legitimate penological justification and violated clearly established law.

(COUNT #4)

FOURTEENTH AMENDMENT
Substantive Due Process / Bodily Integrity
Official Capacity Liability / Supervisory Liability