<u>UNITED STATES DISTRICT COURT</u>

<u>MIDDLE DIVISION OF GEORGIA</u>

<u>MACON DIVISION</u>

\*

MARIO R. SULLIVAN  \*  Case No:
(Plaintiff PROSE)
\*  _____

\*

TYRONE Oliver, et.al.,  \*

\*
\*
\*

<u>42 U.S.C § 1983 - Conditions of Confinement Wilcox SP</u>

<u>Deliberate Indifference / Retaliation</u>

Nature of the Case (At a glance)

This is a civil rights action arising from chronic Legionella bacterial contamination of the drinking water at Wilcox State Prison, resulting in

documented illnesses, repeated infections, and serious medical harm to Plaintiff and other inmates. Despite official notices acknowledging Legionella contamination and disease, Defendants failed to abate the risk, minimized diagnoses, denied adequate medical care, and retaliated against inmates who sought relief.

Plaintiff seeks immediate injunctive relief to prevent ongoing exposure to contaminated water, protect against retaliation and compel constitutionally adequate medical evaluation and treatment.

## Key Undisputed Facts

Wilcox State Prison issued official written notices acknowledging Legionella contamination and confirmed cases of Legionnaires' disease.

Plaintiff Mario Sullivan experienced recurrent infections consistent with Legionella exposure, requiring repeated antibiotic treatment.

Plaintiff developed a painful hernia, exacerbated by untreated urinary complications, which medical staff minimized or misdiagnosed.

A medical staff member fabricated a sworn affidavits accusing Plaintiff of faking a hernia to deny care. Despite notice, Defendants continued to house inmates in Dorm D3, supplied contaminated water, and failed to provide safe alternatives.

Inmates who complained or filed grievances experienced retaliation, including threats, harassment, and adverse treatment.

Constitutional Violations Asserted

Eighth Amendment: Deliberate indifference to a substantial risk of serious harm (unsafe drinking water; denial of medical care).

Fourteenth Amendment:

3 of 6

ongoing deprivation of bodily integrity and due process.

First Amendment: Retaliation for protected grievance activity.

Imminent Danger: Plaintiff remains currently incarcerated at the contaminated facility, continues to be exposed to contaminated unsafe water, and faces ongoing medical risks.

Legionella is a potentially fatal pathogen, particularly in congregate settings. Retaliation risks are active and credible due to plaintiffs' housing location and prior grievance activity. Absent court intervention, the harm is irreparable.

Relief Requested (Immediate)

Plaintiff respectfully requests that the court:
Issue a Preliminary Injunction requiring defendants to: Provide safe water to drink; Cease exposure to known legionella sources.
- Ensure independent medical evaluation and treatment
- Preserve all records related to water testing, medical care and grievances.
- Enter a Protective Order prohibiting retaliation against Plaintiff and Identified witnesses.
- Grant a Motion to Expedite and issue an order to show cause requiring defendants to justify continued exposure and denial of care.

## Why Immediate Action is Warranted

- The risk is ongoing, not speculative. Defendants had actual notice.
- Monetary damages cannot remedy exposure to life-threatening disease.

The requested relief is narrow, preventative, and constitutionally required.

January 20, 2026

Respectfully submitted,

Mario Sullivan
(Plaintiff/Pro se)