## STATEMENT OF CLAIM (cont'd)

Charles Mims, as WARDEN, posted official notices admitting that Wilcox State Prison's water supply was contaminated with Legionella bacteria and that inmates had been diagnosed with Legionnaires Disease. These notices constituted actual knowledge of a substantial risk of serious harm. Despite this knowledge, Defendants failed to shut down the contaminated system, provide bottled water to inmates, or relocate prisoners, thereby consciously disregarding a known danger.

C) Plaintiffs Documented Illnesses:

Plaintiff suffered four confirmed Legionella infections between December 2023 and July 2024, each treated with antibiotics.

Plaintiff was continuously exposed to the same contaminated water source, making

reinfection predictable and preventable.

Staff were provided bottled water and instructed not to drink from the tap, inmates were not.

D) Medical Neglect and Fabrication of records:

Plaintiff developed severe bilateral inguinal hernias due to constant straining caused by urinary complications.

On February 25, 2025, Plaintiff was transported by EMS to Crisp Regional Hospital, where defendants Willoughby and Dr. M. Thomas failed to diagnose the hernias. Upon return, Defendants Bradford and Crawford denied care for weeks.

On March 4, 2025, Defendant Crawford submitted a false sworn affidavit asserting Plaintiff was 'FAKING' symptoms, delaying

2 of 6

treatment and causing prolonged pain.

The Plaintiff ultimately required emergency surgery after intervention by another physican at the prison.

E) Retaliatory Food Deprivation (DORM D3):

Plaintiff engaged in protected activity by filing grievances and legal claims concerning unconstitutional conditions.

On December 18, 2025, Defendant Michael Thomas (WARDEN) authorized the withholding of an incentive meal and warden/chaplain holiday packages from Plaintiffs entire dorm (D3).

The deprivation occured without disciplinary charges, hearings, or individualized findings, and despite other dorms - including one with recent severe security incidents - receiving

the same benefits.

Food deprivation as punishment violates clearly established law and GDC policy and would deter a person of ordinary firmness from engaging in protected activity.

The temporal proximity and disparate treatment support a plausible inference of retaliatory motive.

## CLAIMS FOR RELIEF

(COUNT #1) Eight Amendment - Deliberate Indifference to Health and Safety (§1983)

Against Official Capacity Defendants and MIMS (Individual)

Defendants were aware of a substantial

risk of serious harm from contaminated water. Their failure to act constitutes deliberate indifference under Farmer v. Brennan.

The ongoing violations result from policies, customs, and failures to supervise, actionable under Monell (for injunctive relief)

(Count #2) Eighth Amendment - Deliberate Indifference to Serious Medical needs (§1983)

Against CRAWFORD, BRADFORD, WILLOUGHBY, and DR M. THomas

The Plaintiff had objectively serious medical needs.

Defendants knowingly delayed, denied, or obstructed care, including by falsifying records.

5 of 6

The right to adequate medical care was clearly established.

(COUNT #3) First Amendment - Retaliation (§1983) Against Defendant Michael Thomas (INDIVIDUAL)

Plaintiff engaged in protected conduct.

Defendant Thomas imposed adverse action by withholding food-based benefits.

The action was motivated by Plaintiff's protected activity and lacked a legitimate penological justification.

January 20, 2026                                   [signature]

6 of 6

# PRAYERS FOR RELIEF (CONTINUED)

## C. MONETARY RELIEF:

1) Award Compensatory Damages against the Individual Capacity Defendants, jointly and severally, in the amount of $2,500,000** for:

- Physical pain and suffering from four Legionella infections
- Pain and suffering from the untreated hernias and delayed surgery
- Severe emotional distress and mental anguish
- Medical expenses and ongoing health complications

2) **Award Punitive Damages** against each Individual Capacity Defendant in the following amounts:

- Charles Mims: **$500,000

- Steven Crawford: $750,000**
- Dr. Robert Bradford: ** $500,000
- Dr. William Willoughby: $250,000
- Dr. Michael Thomas: ** $250,000

D) Award the costs of this action; and
E) Grant any further relief as the Court deems just and proper.

### *JURY DEMAND*

Plaintiff requests trial by jury.

Mario Dulleia
(PRO SE)
GDC# 965797

Wilcox State Prison
1/20/26