**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **MARIO ROMOAN SULLIVAN,** | : | |
| | : | |
| **Plaintiff,** | : | |
| **v.** | : | **No. 5:26-cv-43-CAR-CHW** |
| | : | |
| **TYRONE OLIVER, *et al.*,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**ORDER**

Presently pending before the Court are Plaintiff's objections (ECF No. 17) to the Recommendation of the United States Magistrate Judge to dismiss certain of Plaintiff's claims without prejudice and to deny Plaintiff's motions for injunctive relief, to retain witnesses, and for a judicial inspection (ECF No. 14). Plaintiff has also filed another amended complaint dated March 18, 2026 that was filed on August 6, 2026 (ECF No. 25),[1] a motion for leave to file a second amended complaint (ECF No. 16), a redline copy of the changes he intends to make in the second amended complaint (ECF No. 16-2), an emergency motion to file supplemental evidence to support his motion for preliminary injunction or temporary restraining order ("TRO") (ECF No. 18), a notice to correct the record (ECF No. 19), a supplemental affidavit in support of his claims (ECF No. 20), a motion requesting a spoliation preservation order (ECF No. 21), and a supplemental objection to the Magistrate Judge's Recommendation (ECF No. 28). The Court has

[1] It appears this document may simply be a duplicate copy of the Amended Complaint filed at ECF No. 13-1.

thoroughly considered the documents that may be construed as objections and performed a *de novo* review of the portions of the Recommendation to which Plaintiff objects. Having done so, and for the reasons explained below, the Court **ADOPTS** the Recommendation (ECF No. 14) to **DENY** Plaintiff's motions for preliminary injunction (ECF No. 5), TRO (ECF No. 6), to retain witnesses (ECF No. 11), and for a protective order and judicial inspection (ECF No. 12). Because Plaintiff has filed multiple documents that contain information he believes is relevant to his claims, however, Plaintiff will be required to file a single amended complaint on the Court's standard form if he wishes to proceed with this action. As explained in more detail below, the Court thus finds as **MOOT** (1) the Recommendation (ECF No. 14) to dismiss all of Plaintiff's claims except his Eighth Amendment claims against Defendant Mims in his individual capacity; (2) Plaintiff's motion for leave to file a second amended complaint (ECF No. 16); and (3) Plaintiff's emergency motion to file supplemental evidence in support of his motion for a TRO (ECF No. 18). The Court also **DENIES** Plaintiff's motion for entry of a spoliation preservation order (ECF No. 21).

## DISCUSSION

### I. Recommendation to Deny Motions to Retain Witnesses and for a Protective Order and Judicial Inspection

As an initial matter, Plaintiff does not specifically object to the Magistrate Judge's recommendation to deny his pending motions to retain witnesses or for a protective order and judicial inspection (ECF Nos. 11, 12). Having reviewed the recommendation to deny

each of these motions for clear error and finding none, the Court adopts it and makes it the order for the Court. 28 U.S.C. § 636(b)(1)(A).

**II. Recommendation to Deny Motions for Preliminary Injunctive Relief**

Plaintiff also fails to clearly object to the Magistrate Judge's recommendation to deny Plaintiff's motions for a preliminary injunction or TRO. Instead, his objections center on the errors he believes the Magistrate Judge made in dismissing most of his substantive claims. Indeed, Plaintiff only specifically "requests that the District Judge reject the recommendation to dismiss Plaintiff's official capacity injunctive claims, medical deliberate indifference claims, and First Amendment retaliation claims, and instead allow them to proceed alongside the Eighth Amendment individual capacity claim against Defendant Mims." ECF No. 17 at 1; *see also* ECF No. 28 at 5-6.

The Court notes, however, that Plaintiff also filed a document entitled, "Plaintiff's Emergency Motion for Leave to File Supplemental Evidence in Support of Pending Motion for Temporary Restraining Order and Preliminary Injunction." ECF No. 18 at 1. Plaintiff contends this motion contains "newly acquired supplemental documentary evidence" that "demonstrates an immediate and ongoing threat to Plaintiff's health and physical safety arising from the confirmed water contamination crisis at Wilcox State Prison ["WSP"], together with retaliatory falsification of medical records by prison officials." *Id.* To the extent this motion can be considered as an objection to the recommendation to deny Plaintiff's motions, the Court has reviewed it *de novo* and finds that nothing therein warrants rejecting the Magistrate Judge's recommendation to deny the motions for preliminary injunction.

The Magistrate Judge's determination that preliminary injunctive relief is not appropriate at this time was based primarily on his conclusion that at this early stage, "the facts have not been sufficiently developed to conclude that there is a substantial likelihood that Plaintiff will ultimately prevail on the merits." ECF No. 14 at 24. To support this conclusion, the Magistrate Judge noted that Plaintiff failed to point to specific facts that could show ongoing contamination at WSP. *Id.* In addition, the Magistrate Judge noted that Plaintiff's claims for preliminary injunctive relief largely mirrored his claims for substantive relief and that Defendants had not yet been served or offered an opportunity to object. *Id.* at 23-24.

To the extent Plaintiff seeks preliminary injunctive relief, the Court finds that Plaintiff has still failed to show that this type of extraordinary remedy is warranted. In support of his claims, Plaintiff first submits two documents that he believes show that Defendant Crawford falsely "accused Plaintiff of faking" hernia symptoms. ECF No. 18 at 2; ECF No. 18-1 at 1; ECF No. 18-2 at 1-2. But Plaintiff also acknowledges that another doctor diagnosed his hernias and that he received surgery to correct them. *See, e.g.,* ECF No. 18-2 at 1. These documents therefore fail to show that a TRO or preliminary injunction is necessary to prevent irreparable injury caused by Defendant Crawford's alleged misdiagnosis.

Next, Plaintiff submits photographs of blister packages of medication that he contends show that "multiple prisoners are concurrently being treated for serious bacterial infections consistent with waterborne exposure." ECF No. 18 at 2-3. But there is simply nothing on those packages of medication that indicate that the medication was prescribed

to the prisoners for the purpose of treating them for a new Legionella infection. *See* ECF No. 18-3 at 1-3. The fact that Plaintiff was recently treated with medication for urinary retention and that another inmate was recently treated with an antibiotic for unspecified reasons, standing alone, therefore provides only negligible support for Plaintiff's contention that there is ongoing contamination at WSP that would necessitate the extraordinary relief of a preliminary injunction or TRO.

Finally, Plaintiff presents two affidavits in support of his claims for preliminary injunctive relief. First, Plaintiff submits his own affidavit in which he avers that he spoke to a "maintenance man" at the prison on June 22, 2026. ECF No. 18-6 at 1. Plaintiff contends that when he "made a comment about the water," the maintenance man told Plaintiff, "I'm surprised all of yall don't have kidney stones," because the prison was built on top of lime caves and thus the water is "full of Lyme [sic]." *Id.* When Plaintiff asked the maintenance man if he meant Legionella, not lime, the maintenance man replied, "well that too, they're always testing for that, it always come up positive for 'Legion[]ella' in the warehouse." *Id.* at 2. Plaintiff also submits an affidavit from another inmate, Jarvis Ware, in which Mr. Ware states that he also overheard the same maintenance man state, "This place was built on a lyme [sic] mound, lime seeps into the water table. I don't understand why more people are not affected with kidney stones from the lime contamination." ECF No. 18-6 at 3. Mr. Ware also avers that the maintenance man told Plaintiff, "Legionella is mainely [sic] in the water at the warehouse." ECF No. 18-6 at 3. Again, however, these documents fail to demonstrate that Plaintiff meets the demanding standard for preliminary injunctive relief. Plaintiff does not explain how a positive test for Legionella in the

warehouse means that the water in the prison itself is contaminated, provide any detail regarding the levels of Legionella contamination in the warehouse, or make any connection between lime contamination and Legionella contamination. Perhaps more importantly, these documents in no way indicate that the testing and treatment that Plaintiff acknowledges is occurring at WSP has been ineffective to control any additional Legionella outbreaks at that facility.[2] Plaintiff still fails to allege that he or any other inmates at WSP have been diagnosed with a Legionella infection over the last two years or are suffering from symptoms consistent with a current or newly-acquired Legionella infection. ECF No. 14 at 17.

In short, nothing in the documents submitted by Plaintiff at ECF No. 18 undermines the Magistrate Judge's conclusion that *preliminary* injunctive relief is warranted at this early stage. The Court accordingly adopts the recommendation to deny Plaintiff's pending motions for a preliminary injunction and a TRO (ECF Nos. 5, 6). To the extent Plaintiff seeks *prospective* injunctive relief, Plaintiff may include any "supplemental evidence" he believes to be relevant when he again amends his complaint, as directed below. His motion for leave to file supplemental evidence (ECF No. 18) is therefore denied as moot.

**III. Motion for Entry of a Spoliation Preservation Order**

Next, Plaintiff moves for entry of an order that would prevent Defendants from spoliating evidence in this case (ECF No. 21). Spoliation is "the destruction of evidence

---

[2] As noted below, Plaintiff acknowledges that the water system at WSP has undergone "flushing and hyper-chlorination," although Plaintiff also suggests this is "unlawful" because it will destroy evidence of Legionella contamination. ECF No. 21 at 1-3.

or the significant and meaningful alteration of a document or instrument," and it can result in the imposition of sanctions against the party who destroys or otherwise alters the evidence. *Tesoriero v. Carnival Corp.*, 965 F.3d 1170, 1184 (11th Cir. 2020) (citation omitted). As Plaintiff acknowledges, the Court has already directed counsel for Defendant Mims "to preserve all video recordings and any photographs that may have captured the events giving rise to the complaint." ECF No. 14 at 31. Plaintiff, however, also contends that certain types of other evidence are at risk of destruction. ECF No. 21 at 2. This evidence includes (1) the original contamination notices posted by Defendant Mims; (2) water system testing and contamination records; (3) maintenance logs and documents concerning the infrastructure at WSP; (4) Plaintiff's medical and pharmacy records; (5) photograph and video evidence of the conditions at WSP; (6) communications between Defendants and any GDC or other state officials; (7) witness testimony and affidavits; and (8) any records concerning the destruction of any evidence. ECF No. 21 at 2-3. Plaintiff contends this evidence is at risk of destruction because Defendants have largely ignored his prior communication about the water at WSP and have already engaged in destruction of evidence by removing and presumably destroying Defendant Mims' original formal written notices of contamination and by treating the allegedly contaminated water through "unlawful flushing and hyper-chlorination of the water system." *Id.* at 1-2.

"It is well-established that a party has the duty to preserve potentially relevant evidence in its possession once litigation is reasonably anticipated." *Zaborowski v. Prince Telecom LLC*, No. 7:26-CV-00182 (WLS), 2026 WL 2137343, at *1 (M.D. Ga. July 24, 2026) (first citing *Graff v. Baja Marine Corp.*, 310 F. App'x 298, 301 (11th Cir. 2009), and

then citing *Managed Care Sols., Inc. v. Essent Healthcare, Inc.*, 736 F. Supp. 2d 1317, 1324 (S.D. Fla. 2010). "A preservation order can be entered to ensure a party complies with its obligation, but courts do not routinely grant motions seeking a preservation order, absent a showing that such an order is necessary to assure a party's compliance." *Id.* (citing *Baker v. Medtronic, Inc.*, No. 3:05-CV-440-J-25MMH, 2005 WL 8159709, at *1 (M.D. Fla. Sept. 13, 2005). Plaintiff has failed to make such a showing at this early stage. Plaintiff acknowledges that he sent "a formal spoliation preservation letter to the State Board of Risk Management" by certified mail. ECF No. 21 at 1. The fact that the letter "remains unanswered" does not necessarily lead to the conclusion that spoliation of the relevant evidence is imminent. *Id.* And the fact that Defendants are treating the water system to prevent Legionella contamination does not mean that there is no other evidence—such as written records—that could confirm the prior existence of Legionella in the water system. The Court also notes that Defendant Mims has now waived service of process and is therefore aware of his obligation to preserve relevant evidence. *See id.* at 2 (noting that "[e]vidence identified in this Motion remains at substantial and ongoing risk of destruction or concealment" in part because "Defendant Mims has not yet been formally served with process"); *see also Crawford v. Prummell*, No. 2:26-cv-117-SPC-NPM, 2026 WL 279368, at *1 (M.D. Fla. Feb. 3, 2026) ("A duty to preserve evidence kicks in once a party reasonably anticipates litigation."). Finally, Plaintiff's motion is premature. *See Zaborowski*, 2026 WL 2137343, at *2. Discovery has not yet commenced, and if, as this case progresses, it becomes apparent that Defendants have destroyed, altered, or concealed evidence in violation of their duty to preserve it, then the Court can fashion appropriate

sanctions. *Id.* Plaintiff's motion for entry of a spoliation order (ECF No. 21) is therefore denied.

## IV. Order to File Second Amended Complaint

As noted above, Plaintiff has filed multiple documents that appear to contain factual allegations that he believes are relevant to his claims. These documents include at least two sets of documents labeled as objections that may need to be construed as motions to amend (ECF Nos. 17, 28). *See Newsome v. Chatham Cnty. Det. Ctr.*, 256 F. App'x 342, 344 (11th Cir. 2007) (holding that district court should have construed additional factual allegations in plaintiff's objection to recommendation of dismissal as a motion to amend the complaint and granted it). Plaintiff has also filed an amended complaint (ECF No. 25); a motion for leave to file a second amended complaint (ECF No. 16) and a redline version of the proposed amendment (ECF No. 16-2); the emergency motion to file supplemental evidence discussed in the preceding section (ECF No. 18); a notice to correct the record (ECF No. 19); and a supplemental affidavit clarifying the name of the "maintenance man" in Plaintiff's emergency motion (ECF No. 20).

This Court has previously observed that "[s]imply submitting piecemeal 'amendments' is the inappropriate way to amend a complaint, as the Court and parties require one document to work with, cite to, etc." *Larney v. Croft*, Civil Action No. 7:06-cv-40 (HL), 2006 WL 3833887, at *5 n.7 (M.D. Ga. Dec. 29, 2006). To ensure that the Court is able to consider all the facts Plaintiff believes are relevant to his case, and to facilitate the orderly resolution of his claims, Plaintiff is **ORDERED** to file a second amended complaint that includes all amendments and facts he wishes to make a part of this

case. The second amended complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action. Plaintiff must provide enough facts to plausibly demonstrate that each defendant's actions or omissions resulted in the violation of his constitutional rights.

To that end, it is recommended that, when drafting his statement of claims on the Court's form, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) *What* did this defendant do (or not do) to violate your rights? In other words: What was the extent of this defendant's role in the unconstitutional conduct other than being in a supervisory role? Was the defendant personally involved in the constitutional violation? If not, did his actions otherwise cause the unconstitutional action? How do you know?

(2) *When* and *where* did each action occur (to the extent memory allows)?

(3) *How* were you injured as a result of this defendant's actions or decisions? If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

(4) *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?

(5) *What* did this defendant do (or not do) in response to this knowledge?

(6) *What* relief do you seek from this defendant?

Plaintiff should state his claims as simply as possible referring only to the relevant allegations against the named defendants in this case; he need not attach supporting documents to his second amended complaint, use legal terminology, or cite any specific

statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. If, in his second amended complaint, Plaintiff fails to link a named defendant to a claim, the claim will be dismissed. Likewise, if Plaintiff makes no allegations in the body of his second amended complaint against a named defendant, that defendant will be dismissed.

Plaintiff is cautioned that he will not be permitted to join claims against multiple defendants in one action unless Plaintiff can establish a logical relationship between the claims in accordance with the Federal Rules of Civil Procedure. Plaintiff is also cautioned to fully and truthfully respond to each question presented on the standard form including but not limited to those questions regarding previous federal lawsuits and whether he has pursued grievances and exhausted his administrative remedies, or he risks dismissal of this case.

**The second amended complaint will supersede (take the place of) the original Complaint (ECF No. 1), the Amended Complaint (ECF No. 13-1), and any other documents that appear to contain factual allegations that may be relevant to this action. Plaintiff may include additional pages with the Court's standard form, but the second amended complaint must be no longer than twenty (20) pages in its entirety.** This twenty-page limit includes (and is not in addition to) the pages of the Court's standard form. The Court will not consider any allegations in any other document, or any allegations not contained within those twenty pages, to determine whether Plaintiff has stated an actionable claim. Accordingly, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in the second amended complaint, even if Plaintiff has previously

alleged it in another filing. The Clerk is **DIRECTED** to forward a copy of the § 1983 form marked with the case number of the above-captioned action to the Plaintiff. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to submit the second amended complaint on this form. Plaintiff's pending motion for leave to file a second amended complaint (ECF No. 16) is denied as moot.

**CONCLUSION**

Based on the foregoing, the Court **ADOPTS in part and finds as MOOT in part** the Magistrate Judge's Recommendation (ECF No. 14). The Court **ADOPTS** the Recommendation to **DENY** Plaintiff's motions for preliminary injunction (ECF No. 5), temporary restraining order (ECF No. 6), to retain witnesses (ECF No. 11), and for a protective order and judicial inspection (ECF No. 12). The Court finds the remaining Recommendation to dismiss all of Plaintiff's claims except his pending Eighth Amendment claims against Defendant Mims in his individual capacity to be **MOOT**. Plaintiff's pending motion for leave to file a second amended complaint (ECF No. 16) and his emergency motion for leave to file supplemental evidence (ECF No. 18) are also **DENIED AS MOOT**. Plaintiff's motion for a spoliation preservation order (ECF No. 21) is **DENIED** at this time.

Plaintiff is also **ORDERED** to submit an amended complaint that complies with the directions above on one of the Court's standard forms within **FOURTEEN (14) DAYS** of the date of this Order. Once Plaintiff complies, the United States Magistrate Judge will conduct the preliminary screening of the second amended complaint pursuant to 28 U.S.C. § 1915A and 1915(e). Because the second amended complaint will supersede the amended

complaint, the Court will provide Defendant Mims with an additional thirty (30) days from the date the Magistrate Judge enters his preliminary screening order to provide his response to the amended and/or second amended complaints. As previously ordered, Plaintiff may not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by Plaintiff, and the Defendants shall not commence discovery until an answer or dispositive motion is filed. Thus, discovery in this case as to Defendant Mims is paused, and the discovery period will reset and be measured from the time Defendant Mims files his response to the amended and/or second amended complaints. If any claims against additional Defendants survive preliminary screening, further instructions regarding discovery will be provided at that time.

**IT IS SO ORDERED**, this 28th day of September, 2026.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT